CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 04, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE  DIVISION

| | | |
|---|---|---|
| **JEFFREY DOUGLAS CHERIPKA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00936 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JOHN DOE, et al.,** | ) | Judge James P. Jones |
| | ) | |
| Defendants. | ) | |

*Jeffrey Douglas Cheripka, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights when a power outage affected the use of his Continuous Positive Airway Pressure (CPAP) machine one night.  Upon consideration of Cheripka's Complaint, I conclude that it must be summarily dismissed for failure to state a claim upon which relief can be granted.

I.

In support of his pro se Complaint, Cheripka describes an event that occurred during the night of December 20, 2023, into the early morning of December 21, 2023, while he was confined at River North Correctional Center in Independence, Virginia.  Cheripka is diagnosed with sleep apnea and sleeps with the help of a CPAP machine.  On December 20, 2023, he secured his CPAP mask to his face before

going to sleep at approximately 9:46 p.m.  Then, around 11:45 p.m., "Cheripka awoke abruptly with tightening of his chest and shortness of breath."  Compl. 8, Dkt. No. 1.  He discovered that his CPAP machine was not functioning due to a power outage affecting the outlet in which his CPAP machine was plugged.  Using the emergency call button in his cell, Cheripka alerted the booth officer to the issue and requested an emergency grievance form, emphasizing that he "cannot sleep without his CPAP machine as he is at high risk of cardiac arrest, a heart attack or stroke." *Id.* at 9, 10.  The booth officer notified the watch commander, who "was addressing the issue." *Id.* at 11.  The officer further told Cheripka he would get an emergency grievance form for him, although Cheripka asserts he did not receive one that night. According to Cheripka, the outage was limited to only a few outlets that were "tripped" due to another inmate's use of a "'stinger' – an object with wires used to boil water made by inmates." *Id.* at 12. Sometime during the night, a sergeant helped Cheripka feed the CPAP power cord through the cell door tray slot to power it through a working outlet outside of his cell.  However, the sergeant later unplugged the machine, following orders from the watch commander who "said it was a security risk to have a tray slot open" at that time of night and during a lockdown. *Id.* at 14.  Cheripka finally fell asleep sometime around 3:30 a.m. and power was restored at 10:04 a.m. on December 21, 2023.

Because of this incident, Cheripka claims that he experienced emotional and physical distress, including "sweating palms, no REM sleep, restlessness, tossing and turning roughly 20 times throughout the night, pacing nervously, waking up with a painful headache, and waking up at least four times choking and gasping for air with shortness of breath." *Id.* at 17. Naming several "John Doe" defendants, Cheripka asserts Eighth Amendment claims, alleging deliberate indifference to his medical needs. As relief, Cheripka requests monetary damages and injunctive relief.

## II.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." To state a claim under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment prohibits the infliction of cruel and unusual punishments and governs "the treatment a prisoner receives in prison and the conditions under which he is confined." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Specifically, "the Eighth Amendment imposes a duty on prison officials to 'provide humane conditions

-3-

of confinement . . . [and] ensure that inmates receive adequate food, clothing, shelter, and medical care.'"  *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).   But "the constitutional prohibition against the infliction of cruel and unusual punishment 'does not mandate comfortable prisons'" and "ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  To state an Eighth Amendment claim, an inmate plaintiff must prove two elements: (1) that the alleged deprivation is objectively "sufficiently serious" and (2) that the prison officials' state of mind was one of "deliberate indifference" to inmate health or safety.  *Farmer*, 511 U.S. at 834.

Cheripka's factual allegations are insufficient to satisfy the *Farmer* test.  First, Cheripka has failed to show how temporary deprivation of the use of his CPAP machine for one night was sufficiently serious.  Indeed, other district courts in this circuit have so held.  *Oritz v. Smith*, No. 1:24CV764, 2024 WL 4751413, at *5 (M.D.N.C. Nov. 12, 2024) ("Plaintiff's present claim based on the temporary loss of the CPAP machine fails to state any claim upon which relief can be granted . . . ."); *Saunders v. Baltimore Cnty. Det. Ctr. Med. Dep't*, No. CV DKC-18-569, 2019 WL 2579095, at *5 (D. Md. June 24, 2019) (holding that "a sleep apnea sufferer being

deprived of a CPAP machine for a single night" does not amount to a constitutional violation.

Furthermore, the allegations Cheripka sets forth regarding the prison officials' actions or inactions do not demonstrate deliberate indifference. As explained by the Fourth Circuit, "[a]n official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Farmer*, 511 U.S. at 837). Although Cheripka insists that the defendants failed to provide any reprieve regarding the power outage and its effect on Cheripka's ability to use his CPAP machine for the night, his own allegations demonstrate otherwise. The officers explained that they were addressing the issue, initiated a lockdown, and one officer even tried to power Cheripka's CPAP machine through an alternative working outlet. This is hardly the kind of behavior tantamount to deliberate indifference.

To the extent that Cheripka claims that the defendants did not act in accordance with prison policy, such claims must likewise fail. Allegations that prison officers occasionally violate prison policies or procedures do not state any § 1983 claim against them. *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) ("[P]rison officials' failure to follow internal prison policies [is]

not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation.").

Finally, to the extent that Cheripka asserts that his constitutional rights were violated by the defendants' alleged mishandling of his complaints and grievances, inmates do not have a constitutionally protected right to participate in a prison grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Consequently, a jail official's failure to comply with the jail's grievance procedure does not violate any constitutionally protected right. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

### III.

For the reasons stated, Cheripka's Complaint will be dismissed under 42 U.S.C. § 1997e(c)(1) for failure to state a claim upon which relief can be granted, and all pending motions will be denied as moot. A separate Judgment will be entered.

ENTER:  May 4, 2026

/s/  JAMES P. JONES
Senior United States District Judge

-6-